MARTIN NILAND, Respondent, *v.* WALTER GEER and MARY GEER, Appellants.

*Vicious dog —proof required in an action by a person bitten by it — notice to the owner's foreman.*

In an action to recover for injuries resulting from the bite of a dog, the plaintiff must establish the occurrence of the attack, the resulting damage, the vicious character of the dog, and actual or constructive notice of such character to the owner or his agent in charge of the dog.

Notice of the vicious character of the dog to a foreman, who has charge of the dog while the owner is absent from the place where it is kept, is notice to the owner.

APPEAL by the defendants, Walter Geer and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 17th day of May, 1899, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of May, 1899, denying the defendants' motion for a new trial made upon the minutes.

*Walter R. Beach*, for the appellants.

*Benjamin Fagan*, for the respondent.

GOODRICH, P. J.:

The plaintiff sues to recover for damages to his horse and harness, and for medical care of the horse, after it had been attacked on the highway by a St. Bernard dog belonging to or harbored by the defendants. He recovered a verdict and the defendants appeal from the judgment entered thereon and from the order denying a motion for a new trial.

Several questions of fact were litigated at the trial; among them the following, whether the dog attacked or bit the plaintiff's horse or whether the dog was gambolling in the road and was run over by the plaintiff's horse and wagon; whether the dog was vicious; whether the defendants or their foreman, who had charge of the dog during the winter, when the defendants were absent from the place where the dog was kept, had due notice of his vicious char-

acter; the cause and amount of the damages to the horse, his former value and his value after the occurrence, the loss of his use by the plaintiff, resulting from the injuries received by him, and the value of such use. On each of these questions there was more or less conflict of evidence, and the court fairly submitted them to the jury.

The defendants excepted to a refusal of nonsuit at the close of the plaintiff's case. Under the testimony referred to, how can error be predicated on such a refusal? In such an action the plaintiff is bound to establish to the satisfaction of the jury the occurrence of the attack as alleged, the resultant damages, the vicious character of the dog and actual or constructive notice of such character to the owner or his agent in charge of the dog. On all these questions there was evidence sufficient to justify the verdict.

We have examined all of the defendants' exceptions and find none of a tenable character. The only one seeming to require consideration relates to the instruction that notice to the foreman in charge of the dog during the absence of the family was sufficient notice to the owners. This, we think, is in accord with the decision in *Brice* v. *Bauer* (108 N. Y. 428).

The judgment and order should be affirmed.

All concurred.

Judgment and order affirmed, with costs.