(112 App. Div. 437)

## SORONEN v. VON PUSTAU.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

1. ANIMALS—INJURIES TO PERSONS—LIABILITY OF OWNER.

The owner of a dog is charged with the knowledge of his brother, to whose custody the dog was committed, of its vicious character prior to personal injuries caused by it, though the knowledge was not communicated to the owner.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Animals, § 235.]

2. EVIDENCE—ADMISSIONS—ADMISSIBILITY.

In an action for injuries from being bitten by a dog, evidence of statements by the defendant's brother, to whose custody the dog was intrusted, tending to show his knowledge of the vicious character of the dog, was competent.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Animals, § 266; vol. 20, Cent. Dig. Evidence, § 887.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Eina Soronen against William Von Pustau. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, and RICH, JJ.

Edo E. Mercelis, for appellant.

Charles Oakes, for respondent.

RICH, J. This is an appeal from a judgment dismissing the complaint at the close of the plaintiff's case. The action was brought to recover damages alleged to have been sustained by plaintiff as the result of her having been bitten by a vicious and dangerous dog, owned by the defendant, while she was in the employ of defendant's mother as a servant. Upon the trial the plaintiff endeavored to prove that information was given defendant's brother, to whom the care and custody of the dog was intrusted, of its dangerous and vicious character, and of statements made by him to third parties tending to establish that he had such knowledge. The trial court sustained objections made to the questions asked for this purpose, and excluded the evidence. To these rulings the plaintiff duly excepted.

The defendant's liability rested upon his knowledge of the vicious character of his dog. If the brother had knowledge of the vicious character of the dog prior to the injury, the defendant was charged with that knowledge, although it may not have been communicated to him. Brice v. Bauer, 108 N. Y. 428, 15 N. E. 695, 2 Am. St. Rep. 454; Niland v. Geer, 46 App. Div. 194, 61 N. Y. Supp. 696. Evidence of such knowledge was therefore competent, and its exclusion error, for which the judgment must be reversed.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.