SHEEHAN, Appellant, v. BOARD OF EDUCATION OF CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, Second Department. June 21, 1907.) Action by Catherine Sheehan against the board of education of the city of New York. No opinion. Motion for leave to appeal to the Court of Appeals granted, and order signed.

In re SLATER. (Supreme Court, Appellate Division, First Department. May 24, 1907.) In the matter of John Slater, deceased. J. A. Garver, for appellant. W. E. S. Griswold, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

SMITH, Respondent, v. DITMAS, Appellant, et al. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by James H. Smith against John D. Ditmas, impleaded with others. No opinion. Judgment and order unanimously affirmed, with costs.

SMITH et al., Respondents, v. DORLAND et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by Thomas Smith and another against Mabelle H. Dorland and another. No opinion. Judgment affirmed, with costs.

SMITH, Appellant, v. HAIGHT et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 28, 1907.) Action by Frederick Smith, as trustee, etc., against Charles S. Haight and another. No opinion. Motion to dismiss appeal granted, without costs.

SMITH, Respondent, v. NEW YORK CITY RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by Lavinia G. Smith against the New York City Railway Company. No opinion. Judgment and order of the County Court of Westchester county unanimously affirmed, with costs.

SMITH v. SMITH. (Supreme Court, Appellate Division, First Department. May 31, 1907.) Action by John R. Smith against Rebecca Smith. No opinion. Motion denied.

SORONEN, Appellant, v. VON PUSTAU, Respondent. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by Eina Soronen against William Von Pustau. No opinion. Judgment of the Municipal Court affirmed, with costs. See 98 N. Y. Supp. 431.

SPANDOVIO et al. v. RUBINO. (Supreme Court, Appellate Term. June 27, 1907.) Appeal from Municipal Court, Borough of Manhattan, Fourth District. Action by Anton Spandovio and another against Jacob Rubino. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial granted. Henry A. Doellinger, for appellants. Untermyer, Stine & Stiefel, for respondent.

PER CURIAM. Both plaintiffs were hired by defendant at a monthly salary of $60 for the two. The hiring took place about October 29, 1906, and plaintiffs continued working for defendant until about the end of January, 1907. The defendant paid plaintiffs in all $120 for wages and $30 for a Christmas present, making a total of $150. There seems to be no dispute as to the claim that from January 1, 1907, plaintiffs were to receive $65 per month, which has not been paid, as the $120 paid as above stated only covered the salary from the time of hiring to the end of December. The plaintiffs, according to defendant's contention, discharged themselves about the end of January, and Defendant's Exhibit 2, which is dated January 21st and is written by defendant, states that defendant had deposited $150 for plaintiffs as "wages and presents up to January 1st." In reply to this letter of defendant one of the plaintiffs wrote, on January 22d, as follows: "I regret very much to inform that * * * no decent man can work [in defendant's place]." Plaintiffs, however, were still in defendant's employment on January 29th, because defendant's secretary notified them on that day, by letter sent from New York to Virginia, where defendant's place was, that another couple were coming to succeed plaintiffs, and that defendant would "arrange to pay the balance of wages that is coming to you" (plaintiffs). It is therefore clear that plaintiffs were in defendant's employ up to the end of January. It seems to be established by the preponderance of proof that defendant still owes plaintiffs for their January wages, so that it was error for the court below to give judgment for defendant. Judgment reversed, and new trial granted, with costs to appellants to abide the event.

SPRINGER, Respondent, v. McCURDY & NORWELL CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 22, 1907.) Action by Henry L. Springer against the McCurdy & Norwell Company.

PER CURIAM. Order modified, so as to require as a condition of the amendment the payment of the costs of the action after notice of trial to the time the order was made, including $10 costs of the motion, and, as so modified, affirmed, without costs of this appeal to either party.

ROBSON, J., not sitting.

STANDARD FASHION CO. OF NEW YORK, Respondent, v. JUNCTION DRY GOODS CO., Appellants. (Supreme Court, Ap-